**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4763**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE DESHAWN MILLER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:04-cr-00096-2)

Submitted: March 26, 2019                                Decided: April 8, 2019

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Publilc Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Emily J. Wasserman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Deshawn Miller appeals from the 60-month sentence imposed upon revocation of his supervised release, arguing that the sentence was plainly unreasonable. Finding no error, we affirm.

Miller pled guilty in 2005 to conspiracy to obstruct interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012) ("Hobbs Act robbery conspiracy") (Count 1), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2012) (Count 2). Miller was sentenced to a total term of 172 months' imprisonment, consisting of a 52-month sentence for Hobbs Act robbery conspiracy and a consecutive sentence of 120 months' imprisonment for the § 924(c) conviction. He did not appeal.

Miller began serving his five-year term of supervised release on July 5, 2017. In February 2018, a petition to revoke Miller's supervised release was filed, based on three violations of the terms of his supervision: (1) commission of a crime (burglary, robbery, illegal possession of a firearm); (2) possession of a firearm; and (3) failure to make monthly restitution payments. At his revocation hearing, Miller did not contest the violations.

Based on a criminal history category of II and his most serious violation (a Grade A offense), Miller's policy statement range was 15 to 21 months' imprisonment on Count 1 and 27 to 33 months' imprisonment on Count 2. *See* U.S. Sentencing Guidelines Manual (USSG) § 7B1.4(a), p.s. (2016). The statutory maximum sentences were 24

months as to Count 1 and 60 months as to Count 2. The court imposed a 60-month sentence, with no additional supervised release. Miller appeals.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a sentence is "plainly unreasonable," this court first assesses whether the sentence is procedurally and substantively reasonable. *Id.* at 438. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." *Id.* at 439. "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnotes and internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). The court's explanation must be sufficient to permit the court to "effectively review the reasonableness of the sentence" and to "provide [it] an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant before [it] and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007). A revocation sentence is substantively reasonable if the district court

3

sufficiently provides a justification for that sentence. *Slappy*, 872 F.3d at 207 (citing *Crudup*, 461 F.3d at 440).

Here, the district court properly calculated Miller's policy statement ranges. The transcript of the revocation hearing reveals that the district court also properly considered the Chapter 7 policy statements as well as the relevant factors under § 3553(a) before imposing the statutory maximum 60-month sentence. The court took into account the nature and circumstances of Miller's violations, noting the "egregious nature of the offense violation." Accordingly, we find that the sentence imposed was not plainly unreasonable and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*